1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (State Bar No. 215888)
   433 North Camden Drive, Suite 600
3  Beverly Hills, CA 90210
   Telephone:  310.887.1440
4  Facsimile:   310.496.1420

5  Attorneys for Plaintiff
   KELLI ANN DAVIS

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

   KELLI ANN DAVIS, an individual,        CASE NO.
11
                  Plaintiff,              **COMPLAINT FOR:**
12                                         1. **VIOLATIONS OF**
            vs.                               **CALIFORNIA'S REES-**
13                                            **LEVERING AUTOMOBILE**
   HARLEY-DAVIDSON CREDIT                     **SALES FINANCE ACT;**
14 CORP., a Nevada corporation; and       2. **CONVERSION;**
   DOES 1 through 10, inclusive,          3. **BREACH OF CONTRACT;**
15                                         4. **VIOLATIONS OF**
                  Defendants.                 **CALIFORNIA'S ROSENTHAL**
16                                            **FAIR DEBT COLLECTION**
                                              **PRACTICES ACT;**
17                                         5. **VIOLATIONS OF THE FAIR**
                                              **CREDIT REPORTING ACT;**
18                                         6. **VIOLATIONS OF**
                                              **CALIFORNIA'S CONSUMER**
19                                            **CREDIT REPORTING**
                                              **AGENCIES ACT; AND**
20                                         7. **DECLARATORY RELIEF**

21                                         JURY TRIAL DEMANDED

22

23

24

25

26

27

28

                                    1
                                 COMPLAINT

**COMPLAINT**

Plaintiff Kelli Ann Davis ("**Plaintiff**") complains against defendants Harley-Davidson Credit Corp. ("**HDCC**") and Does 1 through 10, inclusive (collectively, with HDCC, "**Defendants**"), as follows:

**JURISDCTION AND VENUE**

1.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the Eastern District in that, among other things, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

3.      Plaintiff is a natural person residing in Sacramento County, California.

4.      Defendant HDCC is a Nevada corporation with its principal place of business in Chicago, Illinois. HDCC is engaged in the business of providing financing to purchasers of motorcycles and other motor vehicles under conditional sales contracts and/or servicing such contracts. HDCC does regular and continuous business in California.

5.      Plaintiff does not know the true names, identities, and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of Defendants sued herein as Does 1 through 10, inclusive, when Plaintiff discovers such information.

6.      At all times mentioned herein, Defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to Plaintiff.

**OPERATIVE FACTS**

7.     In 2010, Plaintiff purchased a Harley-Davidson motorcycle ("**Motorcycle**") primarily for personal, household or family purposes from a dealership in Folsom, California under a conditional sale contract, as defined and regulated by California's Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code §§ 2981, et seq. ("**RLA**"). The dealership arranged financing for the purchase of the Motorcycle through HDCC, and assigned its rights in the contract to HDCC. At all times relevant to this action, HDCC was and is a holder of the contract, as defined in the RLA.

8.     HDCC repossessed the Motorcycle in November 2012 based on an alleged payment default. On or about November 27, 2012, HDCC sent Plaintiff a Notice of Intent to Dispose of Repossessed Collateral ("**Statutory Notice**"), a copy of which is attached hereto as **Exhibit 1**. The Statutory Notice was sent to an incorrect address for Plaintiff, even though HDCC knew Plaintiff's correct address at the time. Furthermore, the Statutory Notice stated that Plaintiff did not have right to reinstate her contract, and the only way she could get her Motorcycle back was to redeem it by paying the approximately $7,700 balance allegedly due on the account, plus $1,000 in alleged fees and charges incurred in connection with the repossession. Plaintiff could not redeem the Motorcycle, and HDCC sold it at a private auction.

9.     As alleged below, HDCC's NOI to Plaintiff did not comply with applicable law, and HDCC therefore was and is absolutely barred from collecting any deficiency balance remaining on Plaintiff's account after the sale of the Motorcycle. Nevertheless, in March 2013, HDCC sent Plaintiff a letter demanding that Plaintiff pay HDCC a deficiency balance on her account of $5,046.10. As recently as January 5, 2016, HDCC mailed a letter to Plaintiff stating that she remains "responsible for a deficiency balance of $5,046.10." Additionally, HDCC has been falsely reporting and continues to falsely report the purported deficiency

COMPLAINT

1  balance to the three major credit reporting agencies, notwithstanding Plaintiff's

2  requests that it be removed from her credit reports.

3        10.    Defendants' unlawful conduct has caused Plaintiff great financial and

4  emotional injury. Among other things, Plaintiff has been informed that her

5  application for a Virginia mortgage loan originator license was denied due to

6  Defendants' derogatory credit reporting, causing Plaintiff to lose thousands of dollars

7  in income. Plaintiff has informed Defendants of the damages she has suffered and

8  will continue to suffer until they stop their unlawful conduct. Plaintiff has disputed

9  the inaccurate credit reporting by Defendants. Defendants still have refused to

10  remove the inaccurate reporting from her credit reports, and they have continued to

11  falsely insist that Plaintiff owes the legally non-existent deficiency balance.

12  **FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT**

13  **COLLECTION PRACTICES ACT**

14  **(By Plaintiff Against All Defendants)**

15        11.    Plaintiff realleges and incorporates herein by reference each and every

16  paragraph set forth above.

17        12.    The RLA provides a detailed framework that governs conditional sale

18  contracts for motorcycles and other motor vehicles. In order to protect consumers'

19  valuable property interests in financed vehicles and afford buyers a full opportunity

20  to make an informed decision as to whether to exercise their statutory right to

21  redemption or reinstatement, the RLA imposes mandatory and strict requirements

22  upon holders of conditional sale contracts, such as HDCC, following repossession or

23  voluntary surrender of vehicles.

24        13.    In particular, the RLA requires the seller or holder of a contract to issue

25  a detailed written notice of intention to dispose of a vehicle (i.e., a Statutory Notice)

26  to a buyer following repossession or surrender of his or her vehicle. Civil Code

27  § 2983.2 specifies the precise information and disclosures that must be included in

28

COMPLAINT

the Statutory Notice in order to comply with the law, and provides, in pertinent part, as follows:

> (a) Except where the motor vehicle has been seized as described in paragraph (6) of subdivision (b) of Section 2983.3, any provision in any conditional sale contract for the sale of a motor vehicle to the contrary notwithstanding, at least 15 days' written notice of intent to dispose of a repossessed or surrendered motor vehicle shall be given to all persons liable on the contract… Except as otherwise provided in Section 2983.8, those persons shall be liable for any deficiency after disposition of the repossessed or surrendered motor vehicle only if the notice prescribed by this section is given within 60 days of repossession or surrender and does all of the following:
>
> …
>
> (2) States either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto *or that there is no right of reinstatement <u>and</u> provides a statement of reasons therefor*.
>
> ….

(Italics and underscore added.)

14.     Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder of a conditional sale contract may not lawfully collect a deficiency from any person liable under the contract following disposition of a repossessed or surrendered vehicle. As set forth above, the RLA specifically provides that those persons "shall be liable for any deficiency *only* if the notice prescribed" contains "*all*" of the disclosures mandated by the statute. Cal. Civ. Code § 2983.2(a) (italics added). The RLA further specifies that no seller or holder may obtain a deficiency judgment, and "*no deficiency judgment shall lie in any event*,"

against a person otherwise liable under a conditional sale contract after the repossession or surrender and disposition of a vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the RLA. Id. § 2983.8 (italics added).

15.     The Statutory Notice that HDCC issued to Plaintiff was defective and violated Civil Code § 2983.2(a)(4) in that the Statutory Notice denied Plaintiff the statutory right of reinstatement, but it did not provide a statement of any particular reason why HDCC was denying Plaintiff that right. The Statutory Notice merely set forth all of the possible reasons under Civil Code § 2983.3(b) a holder could potentially deny the right of reinstatement, but it did not say that it believed any of those reasons applied to Plaintiff or her account. Defendants thus deprived Plaintiff of substantial rights granted to her under the RLA, including the right to reinstate her account. Plaintiff is not liable, under the explicit terms of Civil Code §§ 2983.2(a) and 2983.8, for any deficiency following the disposition of the Motorcycle. Nevertheless, without any legal right to do so, Defendants have demanded and continue to demand that Plaintiff owes them a deficiency balance.

16.     As a direct and proximate result of Defendants' violations of the RLA, Plaintiff has suffered actual damages in an amount to be proven at trial.

17.     Plaintiff seeks recovery of her attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to Civil Code § 2983.4, and the contract and Civil Code § 1717.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CLAIM FOR RELIEF – CONVERSION
### (By Plaintiff Against All Defendants)

18.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

COMPLAINT

19.     After repossession of her Motorcycle, Plaintiff was entitled to immediate possession of her Motorcycle by paying her past due payments plus repossession costs to Defendants, pursuant to her rights under the RLA. Defendants wrongfully deprived Plaintiff of possession of her Motorcycle by wrongfully denying her the right to reinstate her account, in violation of Civil Code § 2983.2(a).

20.     Defendants have been made aware through various sources, including from the decision of Juarez v. Arcadia Financial Ltd., 152 Cal.App.4th 889 (2007), and other lawsuits against Defendants, that Plaintiff does not owe a deficiency balance due to Defendants failure to comply with the RLA. Defendants still have made unlawful demands for payment which were prohibited by the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("**Rosenthal Act**").

21.     As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined according to proof.

22.     Defendants acted with malice, oppression, and/or fraud towards Plaintiff, within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards Plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT
### (By Plaintiff Against All Defendants)

23.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

24.     Plaintiff is informed and believes, and based thereon alleges, that HDCC promised in its contract with Plaintiff that upon a default and repossession of the

1 | Motorcycle, HDCC would provide Plaintiff with all notices required by law prior to
2 | the sale of the Motorcycle. Defendants breached this promise when they failed to
3 | provide Plaintiff with a Statutory Notice in compliance with Civil Code § 2983.2(a).

4 |     25. As a proximate result of Defendants' conduct, Plaintiff has suffered
5 | damages in an amount to be determined according to proof.

6 |     26. Plaintiff seeks recovery of her attorney's fees, costs and expenses
7 | incurred in the filing and prosecution of this action pursuant to Civil Code § 2983.4,
8 | and the contract and Civil Code § 1717.

9 |     WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CLAIM FOR RELIEF – VIOLATIONS OF THE ROSENTHAL**

**FAIR DEBT COLLECTION PRACTICES ACT**

**(By Plaintiff Against All Defendants)**

13 |     27. Plaintiff realleges and incorporates herein by reference each and every
14 | paragraph set forth above.

15 |     28. The California Legislature has found that "unfair or deceptive debt
16 | collection practices undermine the public confidence which is essential to the
17 | continued functioning of the banking and credit system and sound extensions of
18 | credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the
19 | Rosenthal Act to ensure the integrity of our banking and credit industry. Id.
20 | § 1788.1(b).

21 |     29. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in
22 | that she is a natural person from whom Defendants sought to collect a "consumer
23 | debt" (i.e., money, property or their equivalent) alleged to be due and owing.

24 |     30. Defendants at all times relevant herein were "debt collectors" within the
25 | meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course
26 | of business, on behalf of themselves or others, engage in acts and practices in
27 | connection with the collection of "consumer debt." HDCC had a nondelegable duty
28 | under the Rosenthal Act not to commit violations of the Act, and not to allow its

1  collection agents to commit such violations, which duties HDCC itself was

2  prohibited from violating.

3          31.     The purported debt Defendants attempted to collect from Plaintiff is a

4  "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged

5  in acts or practices in connection with the collection of money, property or their

6  equivalent which was alleged to be due and owing to HDCC, by reason of a

7  consumer credit transaction entered into with Plaintiff.

8          32.     Defendants made false representations to Plaintiff that she owed a debt,

9  and the amount and legal status of the alleged debt, by sending Plaintiff demand

10  letters falsely claiming that Plaintiff had a deficiency balance that was owed.

11  Defendants' conduct violated 15 U.S.C. § 1692e, including § 1692e(2), incorporated

12  into the Rosenthal Act by Civil Code § 1788.17.

13          33.     As a proximate result of Defendants' violations of the Rosenthal Act,

14  Plaintiff has been damaged in amounts that are subject to proof.

15          34.     Plaintiff is entitled to recover her actual damages pursuant to Civil Code

16  § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative,

17  Civil Code § 1788.30(a).

18          35.     Defendants' violations of the Rosenthal Act were willful and knowing.

19  Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.17,

20  incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil

21  Code § 1788.30(b).

22          36.     Plaintiff is entitled to recover her attorney's fees and costs pursuant to

23  Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the

24  alternative, Civil Code § 1788.30(c).

25          WHEREFORE, Plaintiff prays for relief as set forth below.

26

27

28

COMPLAINT

1
2
3

## FIFTH CLAIMS FOR RELIEF – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)

### (By Plaintiff Against All Defendants)

4
5

37.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

6
7
8
9
10

38.     Defendants have furnished and continue to furnish inaccurate information about Plaintiff to TransUnion, Equifax and Experian (collectively, "**CRAs**") that Plaintiff owes a deficiency balance. Defendants did so despite knowing that Plaintiff does not owe any such debt, due to Defendants' noncompliance with the RLA.

11
12
13
14
15
16

39.     Within the last year, Plaintiff has notified Defendants that she disputed the inaccurate information reported by them under 15 U.S.C. § 1681i. Defendants received notice of these disputes under § 1681i(a)(2). Defendants were then obligated to reinvestigate these disputes under 15 U.S.C. § 1681s-2(b). Defendants should have determined that the debt was inaccurate and/or disputed, and that the report they were furnishing was inaccurate, incomplete, or could not be verified.

17
18
19
20
21

40.     Under 15 U.S.C. § 1681s-2(b)(1)(E), Defendants had a duty to modify the disputed information, delete the disputed information, or permanently block the reporting of the disputed information. However, Defendants continued to report the disputed information to the CRAs without noting that Plaintiff had disputed the information, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

22
23
24

41.     Defendants' violations of § 1681s-2(b) were willful, entitling Plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

25
26

42.     Defendants' violations of § 1681s-2(b) were negligent, entitling Plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

27
28

43.     Plaintiff is entitled to an award of her attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2).

WHEREFORE, Plaintiff prays for relief as set forth below.

**SIXTH CAUSE OF ACTION – VIOLATIONS OF THE CONSUMER**

**CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25(a)**

**(By Plaintiff Against All Defendants)**

44.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

45.     Defendants falsely reported to the CRAs that Plaintiff owes a deficiency balance, despite knowing that Plaintiff does not owe any such debt, due to Defendants' noncompliance with the RLA. After learning that the debts were not owed, Plaintiff is informed and believes that Defendants continued reporting to the CRAs that Plaintiff owes a deficiency balance.

46.     Defendants thereby violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when they knew or should have known that such information was incomplete or inaccurate.

47.     Defendants are liable for said violations pursuant to Civil Code §§ 1785.25(g) and 1785.31.

48.     Plaintiff has suffered actual damages as a result of Defendants' unlawful acts.

49.     Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling Plaintiff to recover punitive damages in an amount determined by the Court.

50.     Plaintiff has been aggrieved by Defendants' violations described herein, and seeks injunctive relief commanding Defendants to delete their credit reporting tradeline from Plaintiff's and credit reports, and to cease all future credit reporting.

51.     Plaintiff is entitled to an award of her attorney's fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION – DECLARATORY RELIEF

### (By Plaintiff Against All Defendants)

52.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

53.     An actual controversy has arisen between Plaintiff and Defendants as to their respective rights, remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of Defendants as hereinabove alleged violate the RLA, and that Plaintiff is not liable to Defendants for any deficiency balance. Plaintiff is informed and believes that Defendants dispute all of Plaintiff's contentions and contend to the contrary. Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

54.     Plaintiff seeks recovery of her attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to Civil Code § 2983.4, and the contract and Civil Code § 1717.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     For actual damages;

2.     For statutory damages;

3.     For punitive damages;

4.     For an order finding and declaring that Plaintiff does not owe Defendants any deficiency balance or other sums under the Contract;

5.     For an order commanding Defendants to delete their credit reporting tradeline from Plaintiff's credit reports, and to cease all future credit reporting;

6.     For pre-judgment interest to the extent permitted by law;

COMPLAINT

1        7.     For an award of her attorney's fees, costs and expenses incurred in the

2 investigation, filing and prosecution of this action; and

3        8.     For such other and further relief as the Court may deem just and proper.

4 **DEMAND FOR JURY TRIAL**

5     Plaintiff hereby demands a trial by jury under the United States Constitution.

6 Dated: January 19, 2016            Respectfully submitted,

7                               LAW OFFICES OF BRANDON A. BLOCK

8                               A PROFESSIONAL CORPORATION

9                               By:     /s/

                                      Brandon Block

10                               Attorneys for Plaintiff

                              KELLI ANN DAVIS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13
COMPLAINT

# Exhibit 1

 **Harley-Davidson Financial Services**

**HARLEY-DAVIDSON CREDIT**
P.O. Box 21908
Carson City, NV 89721-1908

TEL 800.828.1389
FAX 775.886.3969
www.hdfsi.com

11-27-12

Kelli A Davis

DESCRIPTION OF PROPERTY ("Vehicle")

ACCOUNT NUMBER: ███████2773      Model: XL883L

Year: 2008          Make: HD

VIN: 1HD4CR23X8K434736          DATE OF CONTRACT: 10/17/2010

REINSTATEMENT/REDEMPTION DATE: 12/17/2012

## NOTICE OF INTENT TO DISPOSE OF REPOSSESSED COLLATERAL ("Notice")

Since You have not made Your payments, we have taken back the Vehicle describe above. If You meet the conditions outlined on page 3 of this Notice, You have the right to reinstate Your loan and get the Vehicle, until the expiration of 20 days from the date we mailed or gave You this Notice. If You choose to reinstate the loan, You will be responsible for making future payments. If Your account is eligible for reinstatement, an itemization of the amount needed to reinstate the loan is listed below. Since Your account in connection with the Vehicle accrues interest on a simple interest basis, as of the date of this Notice, there is no amount of any credit for unearned finance charges. If the box on page 1 is blank, You do not meet the conditions outlined on page 3, and therefore do not have the right to reinstate the loan.

### ITEMIZATION OF AMOUNTS NEEDED TO REINSTATE THE LOAN

| DESCRIPTION | AMOUNT DUE | PAYABLE TO: |
|---|---|---|
| Past Due Payment, due | | |
| Past Due Payment, due | | |
| Past Due Payment, due | | Harley-Davidson Credit Corp. |
| Past Due Payment, due | | P.O. Box 15129 |
| Past Due Payment, due | | Palatine, IL, 60055-5129 |
| Past Due Payment, due | | (800) 828-1389 |
| Fees: | | |
| | | |
| | | |
| Amount Payable To Harley-Davidson Credit Corp. | | |
| | * | |
| | * | |
| Amount Payable To Third-Parties * | " | |
| TOTAL AMOUNT TO REINSTATE THE LOAN BY DATE NOTED ABOVE | , plus third-party fees plus daily storage fees per day (varies) | ,* |
| Daily Rate for Storage | | |

*We are only able to identify those third-party fees which are known to us, as of the date of this letter. You may owe more money to third-parties. It is Your responsibility to pay those third-parties before You get Your Vehicle back.*

- 1 -

If You are not eligible for reinstatement rights, You can get the Vehicle back by paying the entire balance (not just the past due amounts), along with our expenses. An itemization of the amount You must pay to redeem the Vehicle is listed below. If You redeem the Vehicle by paying the entire balance along with our expenses, You will not owe Harley-Davidson Credit Corp. (HDCC) any further payments.

### ITEMIZATION OF AMOUNT NEEDED TO REDEEM THE COLLATERAL

| DESCRIPTION | AMOUNT DUE | PAYABLE TO: |
|---|---|---|
| Outstanding Balance - Principal | $6,000.40 | |
| Outstanding Balance - Interest | $698.95 | |
| Fees: | | Harley-Davidson Credit Corp. |
| -- Late fees | $80.00 | P.O. Box 15129 |
| -- Repossession Expenses | $850.00 | Palatine, IL, 60055-5129 |
| | | (800) 828-1389 |
| Estimated Credit for cancelled insurance as of the date of this notice | | |
| **Amount Payable to Harley-Davidson Credit Corp.** | $7,629.35 | |

| | | |
|---|---|---|
| Redemption Charge | $100.00 * | Stealth Auto 1995 Viking Way Redding, CA 96003 530-722-0917 |
| Law Enforcement Release Fee | $15.00 * | Folsom PD 46 Natoma St, Folsom, CA (916) 355-7234 |
| **Amount Payable To Third-Parties *** | $115.00 * | |

| | | |
|---|---|---|
| **TOTAL AMOUNT TO REDEEM THE LOAN BY DATE NOTED ABOVE** | $7,629.35, plus third-party fees $115.00,* plus daily storage fees | |
| Daily Rate for Storage | $50.00 per day (varies) | Stealth Auto 1995 Viking Way Redding, CA 96003 530-722-0917 |

*We are only able to identify those third-party fees which are known to us, as of the date of this letter. You may owe more money to third-parties. It is Your responsibility to pay those third-parties before You get Your Vehicle back.*

Upon written request, HDCC will extend the redemption period and any applicable reinstatement period for an additional 10 days. If You choose to exercise this right, You must complete the enclosed form and either personally serve the completed form to HDCC or send the form by certified or registered mail, return receipt requested, to the following address: Attn: Repossession Sales Dept., Harley-Davidson Credit Corp. Box 21908 Carson City, NV 89721-1908. HDCC must receive the form before the expiration of the reinstatement or redemption period noted above. Upon receipt of Your written request within the specified time, HDCC will extend the redemption period and the reinstatement period, if applicable, by 10 days without further notice.

If You do not reinstate Your Contract or redeem the Vehicle, HDCC intends to dispose of the Vehicle by private sale sometime after December 17, 2012 8:00AM. Upon receipt of Your request to extend the redemption period and the reinstatement period, if applicable, HDCC will extend the date of the sale by 10 days without further notice. Upon disposition of the Vehicle, You will be liable for the deficiency balance, if any, plus interest at the Contract rate from the date of disposition of the Vehicle to the date of entry of judgment.

Upon written request, HDCC will furnish a written accounting regarding the disposition of the Vehicle. Written request must be either personally served or sent first class mail, postage prepaid or certified mail, return receipt requested to Harley-Davidson Credit Corp. at P.O. Box 21908 Carson City, NV 89721-1908.

If You want us to explain to You in writing how we have figured the amount that You owe us, write us at P.O. Box 21908 Carson City, NV 89721-1908 and request a written explanation. If You need more information about the sale, call us at 800-828-1389 or write us at P.O. Box 21908 Carson City, NV 89721-1908

If You meet the conditions stated below and wish to reinstate Your Contract or You wish to redeem the Vehicle, the Vehicle will be returned to You at the following location(s): Stealth Auto 1995 Viking Way Redding, CA 96003 **530-722-0917.** Payment should be made payable to Harley-Davidson Credit Corp. and sent to P.O. Box 15129 Palatine, IL, 60055-5129.

## NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.

California
Revised 3/2012

- 2 -

In order to be eligible for reinstatement rights, You must meet the following conditions:

1. You *DID NOT* intentionally provide us with false or misleading information of material importance by omission or commission on Your credit application;

2. You or any permissive user of the collateral *DID NOT*, in order to avoid repossession, conceal the Vehicle or remove the Vehicle from the state;

3. You or any permissive user of the Vehicle *DID NOT* commit or threaten to commit acts of destruction, or fail to take care of the Vehicle in a reasonable manner so that the Vehicle has become substantially impaired in value;

4. You or any non-occasional permissive user in possession of the Vehicle have failed to take care of the Vehicle in a reasonable manner so that the Vehicle may become substantially impaired in value;

5. You *DID NOT* commit, attempt to commit or threaten to commit criminal acts of violence or bodily harm against an agent, employee or office of the seller or holder in connection with the seller's or holder's repossession of or attempt to repossess the Vehicle;

6. The buyer *DID NOT* knowingly use the vehicle , or *DID NOT* knowingly permit it tot be used in connection with the commission of a criminal offense, other than an infraction, as a consequence of which the Vehicle has been seized by a federal, state or local agency or authority pursuant to federal, state or local law; or

7. The Vehicle *HAS NOT* been seized by a federal, state or local public agency or authority pursuant to (A) Section 1324 of Title 8 of the United States Code or Part 274 of Title 8 of the Code of Federal Regulations, (B) Section 881 of Title 21 of the United States Code of Federal Regulations, or (C) other federal, state or local law, including regulations and pursuant to that other law, the seizing authority as a precondition to the return of the Vehicle to the seller or holder, prohibits the return of the Vehicle to You or any third person claiming the Vehicle by or through them or otherwise effects or requires the termination of the property rights the Vehicle of the buyer (You) or claimants by or through them.

8. You *HAVE NOT* exercised Your right to reinstate the Contract in the past 12 months from the date of this Notice or twice during the term of Your Contract.

California
Revised 3/2012

- 3 -

**NOTICE**

Harley-Davidson Credit Corp. is attempting to collect a debt on its own behalf, and any information obtained will be used for that purpose.

## REDEMPTION/REINSTATEMENT PERIOD EXTENSION REQUEST

I/We,  Kelli A Davis [REDACTED] 2773
(Please print/type name(s) of buyer(s) and any other party liable on the Contract referenced on Your Notice of Intent to Dispose of Repossessed Vehicle)

hereby exercise my/our rights under Section 2983.2 of the Rees-Levering Motor Vehicle Sales and Finance Act to extend my/our redemption period, or, if entitled to reinstate, reinstatement period, ten (10) days from the last day of the initial Reinstatement/Redemption Date noted on the Notice of Intent to Dispose of Repossessed Vehicle of December 27, 2012

X_____          X_____
Signature of Requesting Party          Signature of Requesting Party


_____          _____
Print/Type Name                        Print/Type Name


Date: _____             Date: _____


ATTN: REPOSSESSION SALES DEPT.
HARLEY-DAVIDSON CREDIT CORP.
P.O. BOX 21908
CARSON CITY, NV. 89721-1908

Harley-Davidson Credit Corp. must be in receipt of this fully executed form before the expiration of the initial Reinstatement/Redemption Dated noted on the Notice of Intent to Dispose of Repossessed Vehicle of [December 17, 2012].

- 4 -

California
Revised 3/2012